# In the United States Court of Federal Claims

No. 19-400L
(Filed: January 24, 2020)
NOT FOR PUBLICATION

```
*****************************************
ELIZABETH G. BRADLEY et al.,          *
                                      *
              Plaintiffs,             *
                                      *   RCFC 41(a)(2); Voluntary Dismissal;
v.                                    *   Prejudice; Rails-to-Trails
                                      *
THE UNITED STATES,                    *
                                      *
              Defendant.              *
*****************************************
```

## ORDER

On January 7, 2020, plaintiffs in the above-captioned case filed a motion to voluntarily dismiss certain claims without prejudice pursuant to Rule 41(a)(2) of the Rules of the United States Court of Federal Claims ("RCFC").[1]  Defendant filed a response on January 14, 2020, in which it indicates that it does not object to the dismissal of the claims but states that the dismissal should be with prejudice:

> Because Plaintiffs' motion comes after the claims book review process, after the United States was required to expend time reviewing title information, and after the United States asserted well-founded objections to these pending claims (which Plaintiffs have tacitly accepted), the United States respectfully submits that the claims' dismissals should be with prejudice.

Resp. 2.  Plaintiffs filed their reply on January 21, 2020.  Relying on <u>Klamath Irrigation District v. United States</u>, 116 Fed. Cl. 117 (2014), they contend that a dismissal without prejudice is appropriate because the case is in the early stages of litigation, defendant has not expended considerable time and effort in defending the claims, and they have acted with diligence and in good faith in prosecuting the claims.

Under RCFC 41(a)(2), "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper. . . .  Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice."  In <u>Klamath</u>, the court summarized the factors typically considered in the United States Court of Federal Claims in determining whether

---

[1] Plaintiffs' caption contains a typographical error in the case number:  "LAS" should be "MMS."

a dismissal should be without prejudice: "(i) the burden on the defendant if the case were to be dismissed without prejudice; (ii) the progress of the litigation; and (iii) the diligence and good faith of the plaintiff." 116 Fed. Cl. at 119. The court explained:

> Under the first factor, the court may consider the impact on defendant if the dismissal is not sought until after the defendant has exerted significant time and effort. The second factor focuses on the stage of the litigation, recognizing that while "there is no hard and fast rule as to timing," a later dismissal is more likely to occasion prejudice. Finally, the last of the three factors looks to whether there is any evidence of neglect, purposeful delay or other pursuit of tactical advantage by a plaintiff, thereby requiring the court to probe the reasons why the dismissal is being sought.

Id. (citations omitted) (quoting 9 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2364 (3d. ed. 2008)).

Although defendant's articulation of its position is not tethered to any case law, it appears that its objections relate to the first two factors identified in Klamath. As to the first factor, defendant does not specify how a voluntary dismissal during the claims book process—i.e., fact discovery—would constitute a burden. Indeed, defendant does not assert that the time it spent reviewing the claims at issue is "significant." As to the second factor, the case has not moved beyond fact discovery; the parties have not yet proposed a schedule for briefing summary judgment motions on liability, conducting expert discovery, or holding trial. In sum, the court finds no support for defendant's position that the identified claims should be dismissed with prejudice.

Accordingly, the court **GRANTS** plaintiffs' motion and **DISMISSES** the following claims **WITHOUT PREJUDICE**:

- H & R Vending (parcel number 11-11-06-03-15-052.000);

- Jeff L. and Kathryn J. Huffman (parcel number 11-11-06-03-15-053.000);

- MidAtlantic IRA LLC fbo Shelley Campbell IRA (parcel number 11-11-06-03-01-019.000 and 11-11-06-03-01-020.000); and

- Jerry and Betty S. Robinette (parcel number 11-11-06-03-15-039.000).

**IT IS SO ORDERED.**

s/ Margaret M. Sweeney
MARGARET M. SWEENEY
Chief Judge