# In the United States Court of Federal Claims

No. 19-400
Filed: April 20, 2026

---

**ELIZABETH G. BRADLEY, et al.,**

        *Plaintiffs*,

**v.**

**THE UNITED STATES,**

        *Defendant.*

---

## ORDER

"[T]o leave a place is one thing, but to leave it twice is quite another." Oscar Wilde, The Picture of Dorian Gray 48 (2003 ed., Penguin Classics). So too here, as the Court warily returns to a fee dispute obviously better suited for resolution by agreement than by judicial intervention. Invoking the Uniform Relocation Assistance and Real Property Acquisition Policies Act of 1970 ("URA"), Plaintiffs previously sought an award of attorneys' fees and litigation expenses reflecting work required to bring the most recent group of settled plaintiffs to resolution.[1] (Pls.' Second Fee Mot., ECF No. 190); 42 U.S.C. § 4654(c). The Court granted that request in part and directed Plaintiffs to submit a revised fee petition omitting all fees and costs associated with the eight Group 1 Plaintiffs and including documentation supporting fees incurred after the filing of the URA petition. (Op. on URA Fees, ECF No. 199). Plaintiffs timely filed their amended submission, (Pls.' Am. Fee Mot., ECF No. 200), and the United States subsequently objected, (Def.'s Resp., ECF No. 201). For the reasons set forth below, the Court **GRANTS** Plaintiffs' request in part and awards a total of $415,326.51.

The Court's preceding fee decision thoroughly recounts the factual and procedural history of this litigation, as well as the applicable legal framework. (Op. on URA Fees at 2–7 (Background), 7–18 (Analysis)). Because that Opinion sufficiently addressed the foundational background and relevant case law, this Opinion will not restate those elements and incorporates them herein. While the Court provides a cursory summary of the relevant facts for context, its analysis remains focused exclusively on the merits of Plaintiffs' amended fee request and the United States' objections.

---

[1] Plaintiffs previously sought and obtained a URA fee award in 2023, making the principal request their Second Fee Motion. (ECF No. 113); *Bradley v. United States*, 164 Fed. Cl. 236, 244 (2023).

Left unresolved, URA fee petitions ordinarily proceed in a predictable sequence: once the merits are resolved, plaintiffs submit their request, the United States responds, and the Court addresses whatever narrow disputes remain. This case has unfolded quite differently. Plaintiffs now seek $379,856.03 in attorneys' fees and $50,461.03 in costs and expenses, totaling $430,317.06. (Pls.' Am. Fee Mot. at 4). They represent that this figure reflects the Court-ordered omission of certain costs and fees and includes supplemental fees for work performed after the filing of their Second Fee Motion. (*Id*.). That earlier motion, filed on June 23, 2025, sought $471,268.79 and reflected expenses and costs incurred from the inception of this case to May 20, 2025. (Pls.' Second Fee Mot. at 24). As alluded to, Plaintiffs' filing did not proceed in the ordinary course. Once Plaintiffs filed their Second Fee Motion, the United States immediately moved to strike that submission, (ECF No. 191), prompting full briefing, (ECF Nos. 192, 193). Following a conference to discuss the Motion to Strike, the Court denied the United States' request and deemed the Second Fee Motion filed as of that date. (Dkt. Entry 7/14/2025).

Although the Court set a schedule for the United States' response, the United States submitted its "Statement Respecting Plaintiffs' Second Motion for Attorneys' Fees and Expenses." (ECF No. 197). In lieu of a substantive response, the United States doubled down on its position that this Court lacked jurisdiction to adjudicate the fee petition, given the pending appeal of the liability judgment. (*Id.* at 6–8 (citing *Bradley v. United States*, CAFC No. 25-1811 (docketed May 28, 2025))). Plaintiffs replied, informally requesting an additional $37,062.50 in fees and costs incurred between May 20 and August 25, 2025. (ECF No. 198 at 12). On December 17, 2025, the Court granted the Second Fee Motion in part and denied it in part, directing Plaintiffs to submit an amended request omitting fees related to the "Group 1 Plaintiffs" and including the costs "associated" with their Reply Brief.[2] (Op. on URA Fees at 19).

The United States now opposes Plaintiffs' amended fee request on both procedural and substantive grounds, primarily arguing that the demand exceeds the scope of the Court's instructions and lacks sufficient evidentiary support. (Def.'s Resp. at 3–10). Specifically, the United States contends that Plaintiffs inappropriately included costs and fees incurred before August 11, 2025 (the day the United States' prior responsive briefing was filed) and maintains that reimbursement is unavailable for work related to the appeal currently pending before the Federal Circuit. (*Id.* at 3–6). Furthermore, the United States asserts that the expenses associated with Plaintiffs' reply brief were unnecessary because Plaintiffs allegedly refused to negotiate a resolution. (*Id.* at 6). Beyond these categorical objections, the United States argues that the fee award should be further reduced due to inaccuracies and vague entries within the billing records, which it claims are insufficient to allow for an objective assessment of reasonableness under the URA. (*Id.* at 7–10). The Court addresses each argument in turn.

The United States' overarching contention is that the amended request improperly expands the scope of the original fee request, violating both the Court's specific directives and general principles of fee-shifting. (Def.'s Resp. at 3–6). First, the United States believes it was improper that Plaintiffs included fees and costs in their amended motion that accrued before the

---

[2] The Court also directed Plaintiffs not to file a reply brief in order to minimize their burden and avoid a continual accumulation of additional fees. (Op. on URA Fees at 19).

United States filed its Response on August 11, 2025. (*Id.* at 3–4). The United States points out that although the Court's order limited additional fees to those "associated with" the Reply Brief, Plaintiffs' demand reaches back to May 20, 2025, over a month before the Second Fee Motion was filed. (*Id.*). According to the United States, the only fees reasonably tied to the Reply are those incurred between the filing of the United States' Response on August 11 and the filing of Plaintiffs' Reply on August 25. (*Id.* at 4).

While the Court's prior instruction specifically directed Plaintiffs to submit a fee request associated with their reply brief, (Op. on URA Fees at 18), that order must be interpreted within the broader context of equitable fee-shifting and the realities of this ongoing litigation. The Court acknowledges that its prior directive could have more clearly indicated that the amended request was to include fees incurred after the filing of the Second Fee Motion, rather than referring to them solely as fees associated with the reply brief. However, to construe the Court's directive as limiting recovery strictly to the hours spent drafting the reply brief would create an artificial and illogical gap in the record, leaving the period between the initial motion and the final submission unaccounted for. This would be particularly inequitable given the full briefing and conference that occurred due to the United States' Motion to Strike, (ECF No. 191). Capturing all fees and costs incurred since the Second Fee Motion is essential to making Plaintiffs whole and to preventing both a time-based windfall and the inefficiency of repeated supplemental filings.

Significantly, this clarification does not reopen the door to fees that could have been sought in the Second Fee Motion but were excluded. The United States asserts that by failing to include the work performed between May 20 and June 23 in their original motion, Plaintiffs have waived their right to seek those fees now. (Def.'s Resp. at 4). The Court is so persuaded.

Plaintiffs' Second Fee Motion included billing records covering work performed from the outset of the litigation through May 20, 2025. (Pls.' Second Fee Mot. Exs. A, G). The Motion itself, however, was not filed until June 23, 2025. (*Id.*). Beyond asserting the reasonableness of these fees, Plaintiffs offer no explanation for the lack of billing entries or expenses during the thirty-three-day gap preceding the filing date, nor did they move to amend or supplement their previous request to include them. (Pls.' Am. Fee Mot. at 15–18). The supplemental billing records for May 21 through June 23, 2025, reflect 20.1 hours of work totaling $12,074.00:

| Date | Timekeeper | Hours | Rate | Total Billed | Summary of Work |
|---|---|---|---|---|---|
| 5/21/2025 | Michael Armstrong | 1.80 | 575.00 | $1,035.00 | Review of follow-up correspondence re FOIA #2 (.1); update review and fees after May 21 internal deadline throughout motion; creation of final draft of exhibits (1.7) |
| 5/21/2025 | Courtney Ham | 0.30 | 230.00 | $69.00 | Review FOIA response letter (.1); update fees and expenses (.2) |

3

| Date | Timekeeper | Hours | Rate | Total Billed | Summary of Work |
|---|---|---|---|---|---|
| 5/22/2025 | Michael Armstrong | 3.50 | 575.00 | $2,012.50 | Finalized exhibits, including fee exhibits and motion; review comparison against all invoices |
| 5/22/2025 | Lindsay S.C. Brinton | 1.70 | 765.00 | $1,300.50 | Work on fee application; confer with team re same |
| 5/23/2025 | Michael Armstrong | 0.20 | 575.00 | $115.00 | Review Pressly status as it relates to appeal |
| 5/23/2025 | Meghan S. Largent | 0.80 | 765.00 | $612.00 | Review memoranda from M. Armstrong re Bradley fee application; review final draft (.3); review notice of appeal (.1); review memoranda from L. Brinton re strategy re fee app (.1); review notice of appeal (.1); review memorandas from L. Brinton and M. Armstrong re strategy re fee application in light of same (.2) |
| 5/23/2025 | Lindsay S.C. Brinton | 0.70 | 765.00 | $535.50 | Work on fee application; confer with team re same (.2); review notice of appeal; confer with team re same (.2); draft client update re appeal (.3) |
| 5/28/2025 | Michael Armstrong | 0.40 | 575.00 | $230.00 | Review docketed case by CAFC; conference re notice of docketing; e-mail correspondence to J. Sundook re same |
| 5/28/2025 | Meghan S. Largent | 0.20 | 765.00 | $153.00 | APPEAL – Review filing order (.1); review memoranda from M. Armstrong re CAFC error in caption; respond to same (.1) |
| 5/28/2025 | Zariah D. Jones | 0.60 | 185.00 | $111.00 | APPEAL - Review and update deadlines and case status |
| 5/29/2025 | Michael Armstrong | 2.20 | 575.00 | $1,265.00 | Follow-up with DOJ re appeal; multiple telephone conferences with clerk's office; conference re draft of EOA/COI/notice of prior case; draft letter to court per CAFC instructions |

| Date | Timekeeper | Hours | Rate | Total Billed | Summary of Work |
|---|---|---|---|---|---|
| 5/29/2025 | Meghan S. Largent | 0.90 | 765.00 | $688.50 | APPEAL - Review e-mail correspondence from J. Sundook re correcting caption; draft e-mail correspondence to M. Armstrong re same (.1); review e-mail correspondence from M. Armstrong to J. Sundook (.1); review email correspondences from J. Arbab, M. Armstong and L. Brinton; draft e-mail correspondence to L. Brinton and M. Armstrong re same (.1); review entry of appearance by J. Arbab (.1); review entry of appearance (.1); review certificate of interest (.1); review notice to clerk re caption (.1); review memoranda from M. Armstrong re same (.1); draft and send response to same (.1) |
| 5/30/2025 | Michael Armstrong | 0.70 | 575.00 | $402.50 | Finalize entry of appearance, COI, notice and letter to court re caption; forward letter to DOJ |
| 5/30/2025 | Meghan S. Largent | 0.10 | 765.00 | $76.50 | Review client correspondence |
| 5/30/2025 | Courtney Ham | 0.60 | 230.00 | $138.00 | Client correspondence |
| 5/30/2025 | Zariah D. Jones | 0.30 | 185.00 | $55.50 | APPEAL - Review and update deadlines and case status |
| 6/2/2025 | Michael Armstrong | 0.20 | 575.00 | $115.00 | Review e-mail correspondence from DOJ; check case status |
| 6/5/2025 | Lindsay S.C. Brinton | 0.20 | 765.00 | $153.00 | APPEAL – Review DOJ entry of appearance (.1); review e-mail correspondence with DOJ (.1) |
| 6/7/2025 | Michael Armstrong | 0.20 | 575.00 | $115.00 | Summary of case status for appeal |

| Date | Timekeeper | Hours | Rate | Total Billed | Summary of Work |
|---|---|---|---|---|---|
| 6/7/2025 | Lindsay S.C. Brinton | 0.20 | 765.00 | $153.00 | Work on matter re reimbursement of attorney fees (.1); review appeal deadlines, memoranda to team (.1) |
| 6/10/2025 | Michael Armstrong | 0.40 | 575.00 | $230.00 | Review Sauer West oral argument and brief; prepare summary of same |
| 6/18/2025 | Michael Armstrong | 0.10 | 575.00 | $57.50 | Conference with L. Brinton re docketing statement |
| 6/18/2025 | Lindsay S.C. Brinton | 0.10 | 765.00 | $76.50 | Review status of appeal; confer with M. Armstrong re same |
| 6/23/2025 | Michael Armstrong | 2.40 | 575.00 | $1,380.00 | APPEAL - Draft docketing statement, including review of stipulation and identification of possible error as to interest (.9); conference as to need to finalize URA motion; edits to URA motion and exhibits; file same (1.5) |
| 6/23/2025 | Meghan S. Largent | 0.20 | 765.00 | $153.00 | Confer with team on fee application; review same |
| 6/23/2025 | Meghan S. Largent | 0.10 | 765.00 | $76.50 | APPEAL - Review docketing statement |
| 6/23/2025 | Lindsay S.C. Brinton | 1.00 | 765.00 | $765.00 | Confer with M. Armstrong re strategy and URA briefing (.2); work on docketing statement; research pleadings and related information for correct interest calculation (.4); final review of fee application (.4) |

(*See id.* Ex. N (Plaintiffs' text reproduced verbatim)).

Although internal review processes may have contributed to the gap in Plaintiffs' records, such circumstances do not excuse the omission. Simply stated, fees and expenses incurred between May 21 and June 23 could have been included in the original filing but were not. Because these amounts were available at the time of filing and were not timely submitted, they must be omitted from the recoverable fee calculation and are deemed waived. *See, e.g., Superior Waste Mgmt. LLC v. United States*, 169 Fed. Cl. 239, 296–97 (2023) ("A party's failure to raise an argument in an opening or responsive brief constitutes waiver.") (citing *Sarro & Assocs., Inc.*

*v. United States*, 152 Fed. Cl. 44, 58-59 (2021)). To hold otherwise would afford Plaintiffs a second opportunity to advance claims that should have been raised in their ordinary course. Accordingly, any fees or costs incurred before June 23, 2025, that were omitted from the Second Fee Motion are forfeited and will not be awarded.

The United States further challenges the reliability of the billing records submitted, asserting that Plaintiffs have failed to provide the "adequate evidence" necessary to support their fee demand. (Def.'s Resp. at 5 (citing *Hippely v. United States*, 173 Fed. Cl. 389, 439 (2024))). The Government's objection centers on a discrepancy between the figures presented in Plaintiffs' Reply Brief and those claimed in the Amended Fee Motion. (*Id.*). Specifically, while Plaintiffs previously represented that they incurred $37,032.50 in additional fees since May 20, 2025, their amended demand for that same period has risen to $44,620.50. (*Compare* Pls.' Am. Fee Mot. at 18 *with* ECF No. 198 at 12). Plaintiffs attribute this $7,587.50 increase to time entries that had not yet been recorded in their billing system at the time of the prior filing. (Pls.' Am. Fee Mot. at 16 n.8). However, the Government characterizes this inconsistency as a pattern of negligent record-keeping, noting that this is the second time Plaintiffs have submitted a fee demand that was not current. (Def.'s Resp. at 5). The United States argues that when billing records prove unreliable due to subsequent upward adjustments, the Court should decline to award the additional amounts and exclude $7,587.50. (*Id.* (citing *Pressly v. United States,* No. 18-1964, 2025 WL 1780947 (Fed. Cl. May 12, 2025); *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983))).

The Court disagrees with the United States' characterization. The demand identified by the United States was not part of an actual fee motion before the Court and, as such, was reasonably subject to revision as additional entries were finalized in counsel's billing system. *See Pressly*, 2025 WL 1780947, at *20 (holding that asserting fee entitlement in a reply brief rather than by separate motion is improper). Although the Court would have preferred that these later-recorded entries been included with the materials accompanying the Reply Brief, their omission does not render them inherently unreliable. The United States offers no evidence that the challenged fees were not actually incurred or that the amounts claimed are unreasonable, and the mere fact that the records were updated does not, without more, justify disregarding them in full.

The United States further argues that Plaintiffs may not recover any fees related to the liability appeal now pending before the Federal Circuit. (Def.'s Resp. at 6). Citing the liability appeal and the Court's own prior observation that appellate fees must be sought directly from the Circuit, the United States contends that Plaintiffs' amended submission improperly seeks reimbursement for work outside this Court's jurisdiction. (*Id.* (citing CAFC No. 25-1811); July 14, 2025 Hearing Tr. at 8:1–3, ECF 195)). In further support, the United States points to Federal Circuit Rule 47.7, which dictates that the parties must follow specific procedures for requesting fees incurred on appeal; the United States maintains that Plaintiffs' approach risks double recovery or circumvents the proper appellate process. (*Id.*). Accordingly, the United States maintains that all entries attributable solely to the pending appeal should be excluded. (*Id.*). Further, for block-billed entries that combine appellate and non-appellate tasks, the United States seeks a reduction of at least 75%, maintaining that substantial reductions are warranted when billing records fail to distinguish between compensable and non-compensable work. (*Id.* (citing *Monolithic Power Systems, Inc. v. O2 Micro International Ltd.*, 726 F.3d 1359, 1369 (Fed. Cir. 2013))). The Court accepts the United States' argument.

When the block-billed entries and the specifically labeled appellate entries are aggregated, the billing records reflect 8.8 hours of appeal-related work, corresponding to $5,395 in fees:[3]

| Date | Timekeeper | Hours | Rate | Total Billed | Summary of Work |
|---|---|---|---|---|---|
| 6/27/2025 | Michael Armstrong | 1.90 | 575.00 | 1,092.50 | Research, draft, and edits to opposition to motion to strike; review docketing statement[4] |
| 6/27/2025 | Meghan S. Largent | 0.40 | 765.00 | 306.00 | APPEAL – Review docketing statement (.1); review response to motion to strike; draft and send memoranda to team re same (.3)[5] |
| 6/27/2025 | Lindsay S.C. Brinton | .1 | 765.00 | 76.50 | Review docketing statement |
| 7/8/2025 | Michael Armstrong | 0.10 | 575.00 | 57.50 | Review communication from DOJ appellate counsel re motion to extend |
| 7/8/2025 | Lindsay S.C. Brinton | 0.20 | 765.00 | 153.00 | E-mail correspondence with Appellate counsel re extension request |
| 7/11/2025 | Michael Armstrong | 0.20 | 575.00 | 115.00 | Review motion to extend |
| 7/11/2025 | Meghan S. Largent | 0.10 | 765.00 | 76.50 | APPEAL – Review motion for extension |

[3] Because the Court has determined that fees and costs incurred from May 20 to June 23 are not recoverable, it does not evaluate those entries to determine whether any portion of the work may have related to the pending appeal. Further, the Court reduces block-billed entries based on the portion attributable to non-appeal work, using either the time expressly allocated in the entry or a reasonable estimate derived from the tasks described.

[4] This block-billed entry is recoverable at an 80% rate; the award for this entry will be reduced to $873.60.

[5] This block-billed entry is recoverable at an 75% rate; the award for this entry will be reduced to $229.50.

| Date | Timekeeper | Hours | Rate | Total Billed | Summary of Work |
|---|---|---|---|---|---|
| 7/11/2025 | Lindsay S.C. Brinton | 0.20 | 765.00 | 153.00 | Review defendant's extension request (.1); review e-mail correspondence with DOJ and court clerk (.1) |
| 7/11/2025 | Zariah D. Jones | 0.20 | 185.00 | 37.00 | APPEAL - Review and update deadlines and case status |
| 7/17/2025 | Michael Armstrong | 0.20 | 575.00 | 115.00 | Review July 17 order, including review of caption |
| 7/17/2025 | Meghan S. Largent | 0.10 | 765.00 | 76.50 | APPEAL – Review order |
| 7/17/2025 | Lindsay S.C. Brinton | 0.10 | 765.00 | 76.50 | Review court order |
| 7/25/2025 | Meghan S. Largent | 0.10 | 765.00 | 76.50 | Review e-mail correspondence from J. Arbab |
| 7/26/2025 | Michael Armstrong | 0.10 | 575.00 | 57.50 | Review DOJ e-mail correspondence re moving to stay appeal re Pressly |
| 7/28/2025 | Michael Armstrong | 0.20 | 575.00 | 115.00 | Review e-mail correspondence to and from DOJ re appeal |
| 7/28/2025 | Meghan S. Largent | 0.20 | 765.00 | 153.00 | Review memoranda from M. Armstrong re strategy re briefing appeal; respond to same (.1); review correspondence to DOJ re same (.1) |
| 7/28/2025 | Lindsay S.C. Brinton | 0.40 | 765.00 | 306.00 | E-mail correspondence with DOJ re abeyance pending Pressly (.2); confer with team re same (.2) |
| 7/29/2025 | Lindsay S.C. Brinton | 0.20 | 765.00 | 153.00 | E-mail correspondence with DOJ re appeal |
| 8/6/2025 | Meghan S. Largent | 0.10 | 765.00 | 76.50 | APPEAL – Review motion |

9

| Date | Timekeeper | Hours | Rate | Total Billed | Summary of Work |
|------|-----------|-------|------|-------------|-----------------|
| 8/6/2025 | Lindsay S.C. Brinton | 0.20 | 765.00 | 153.00 | Review motion to hold appeal in abeyance |
| 8/11/2025 | Michael Armstrong | 1.20 | 575.00 | 690.00 | Review upcoming deadlines in CFC and CAFC cases; review and research re DOJ response to plaintiffs' second URA motion[6] |
| 8/13/2025 | Lindsay S.C. Brinton | 0.30 | 765.00 | 229.50 | Research URA briefing pending appeal; e-mail correspondence with counsel in Pressly matter (.2); work on matters re reimbursement of fees (.1)[7] |
| 8/18/2025 | Michael Armstrong | 1.00 | 575.00 | 575.00 | APPEAL -- Review clerk's order to stay briefing (.1); review DOJ response to URA fee motion; draft skeleton of reply, including review of fees and costs to date (.9)[8] |
| 8/18/2025 | Meghan S. Largent | 0.10 | 765.00 | 76.50 | APPEAL – Review order |
| 8/18/2025 | Lindsay S.C. Brinton | 0.40 | 765.00 | 306.00 | Review court order staying appeal (.1); work on reply brief; confer with team (.1); review court order staying appeal (.1); work on reply brief; confer with team (.1)[9] |

---

[6] This block-billed entry is recoverable at an 80% rate; the award for this entry will be reduced to $552.

[7] This block-billed entry is recoverable at an 66.6% rate; the award for this entry will be reduced to $152.85.

[8] This block-billed entry is recoverable at an 90% rate; the award for this entry will be reduced to $517.50.

[9] This block-billed entry is recoverable at an 50% rate; the award for this entry will be reduced to $153.

| Date | Timekeeper | Hours | Rate | Total Billed | Summary of Work |
|------|-----------|-------|------|--------------|-----------------|
| 8/18/2025 | Zariah D. Jones | 0.50 | 185.00 | 92.50 | APPEAL - Review and update deadlines and case status |

(*See* Pls.' Am. Fee Mot. Ex. N (Plaintiffs' text reproduced verbatim); *see also* Def.'s Resp. Ex. 1, ECF No. 201-1 (objections)).[10]

Fees for appellate work are generally awarded by the appellate court or, in some instances, remanded to the trial court *after* the appeal is resolved. Fed. Cir. R. 47.7; *Phillips v. Gen. Servs. Admin.*, 924 F.2d 1577, 1581 (Fed. Cir. 1991). Because the liability appeal remains pending, any award of fees attributable to appellate work would be premature at this stage. *Brewer v. Am. Battle Monuments Comm'n*, 814 F.2d 1564, 1568 (Fed. Cir. 1987) ("[C]ourts have thus generally refrained from 'premature' fee awards[.]"). Moreover, absent an express mandate, it is improper for this Court to determine fees incurred in proceedings beyond its own. *Greenwood v. United States*, No. 10-15L, 2018 WL 3829225, at *3 (Fed. Cl. Aug. 13, 2018) (finding that an appellate mandate specifying that each party bear its own costs—without addressing attorney fees—divests the trial court of jurisdiction to award URA fees). As the Federal Circuit has noted in similar fee-shifting contexts, it is "in a better position . . . to determine the amount of fees and expenses to be awarded in connection with the appeal" before it. *Gavette v. Office of Pers. Mgmt.*, 808 F.2d 1456, 1468 (Fed. Cir. 1986). Accordingly, fees attributable to the pending appeal must be deferred until the appeal has run its course and, if warranted, sought before the Federal Circuit.

Next, the United States argues that Plaintiffs' refusal to negotiate the costs associated with preparing the Reply Brief renders those fees unreasonable and unnecessary. (Def.'s Resp. at 6 (citing *Arnold v. United States*, 163 Fed. Cl. 13, 41 (2022))). Specifically, the United States posits that supplemental fee litigation was avoidable and resulted from Plaintiffs' unwillingness to engage in good-faith discussions. (*Id.*). According to the Government, Plaintiffs "blindsided" both the Court and opposing counsel by filing their motion without prior consultation, misrepresented the likelihood of settlement, and employed "overly litigious" tactics. (*Id.* at 7). On this basis, the United States seeks a 40% across-the-board reduction. (*Id.*).

The Court is again unpersuaded. It is true that the Court has repeatedly encouraged the parties to resolve fee-related issues without judicial intervention and has, at times, all but implored counsel to narrow their disputes through cooperative efforts. Despite these

---

[10] The Court assumes that Plaintiffs included these appellate-related entries inadvertently, as entries of this nature were omitted from the earlier billing records. (*See* Pls.' Second Fee Mot. Ex. A). In that submission, any descriptions referencing an "appeal" appear to relate to an earlier appeal that was dismissed. Their appearance in the later compilation suggests an unintentional inclusion rather than a deliberate effort to expand the scope of the fee request.

11

opportunities, the parties have been unable to do so, and their continued intransigence to reach even a limited agreement is disappointing. Nevertheless, the failure to resolve these matters informally does not alter the Court's obligation to adjudicate the fee request before it or diminish the reasonableness of the work performed. While the Court expects and encourages counsel to confer in good faith to streamline fee disputes, such cooperation is not required by statute or rule, and the absence of agreement between the parties does not provide a basis to reduce an otherwise reasonable fee request. The failure of counsel to resolve fee issues informally does not render the underlying entries suspect, nor does it establish that the fees were not actually incurred. In the absence of evidence demonstrating that the challenged time is excessive, duplicative, or otherwise unreasonable, the mere fact that counsel did not work together to narrow their differences does not justify a downward adjustment.

The Government's secondary argument focuses on the quality of the descriptions within the billing records. (Def.'s Resp. at 7–10). The United States contends that Plaintiffs failed to comply with the Court's directive to omit fees associated with the eight Group 1 Plaintiffs, arguing that Plaintiffs' revised records are deficient because they do not identify specific plaintiffs or groups. (*Id.* at 8). Relying on URA principles that reimbursement belongs to the property owners, not counsel, the United States asserts that Plaintiffs bear the burden of linking each billing entry to a compensable claimant and that counsel's failure to maintain group-specific records cannot be cured by conclusory declarations. (*Id.*). According to the Government, these generalized descriptions prevent meaningful review and warrant a substantial reduction—specifically, a 50% cut to the $272,124.50 in requested fees and costs incurred between September 20, 2022, and May 20, 2025. (*Id.* at 9).

The United States' argument is at odds with the Court's prior order. That order expressly limited the Government's response to "fees and costs" incurred after the filing of the Second URA Motion and did not authorize objections to fees incurred beforehand. (Op. on URA Fees at 19). Accordingly, the United States' request for a 50% reduction of fees and costs incurred between September 20, 2022, and May 20, 2025, exceeds the scope of what is presently before the Court and is therefore improper. Moreover, the Court is not persuaded by the United States' contention that Plaintiffs' amended submission is deficient simply because the billing records do not identify individual plaintiffs or groups by name. The Court's prior directive required Plaintiffs to omit fees associated with the eight Group 1 Plaintiffs; it did not impose a requirement to restructure historical billing records or to provide claimant-by-claimant annotations. (*Id.* at 7–9). Plaintiffs complied with the Court's order by identifying and excluding the relevant entries, and the United States offers no evidence that any of the remaining time was improperly attributed or that the exclusions were incomplete. (Pls.' Am. Fee Mot. Ex. N). Generalized assertions that the records lack sufficient detail do not establish that the fees are unreasonable, nor do they justify a sweeping 50% reduction. In the absence of concrete evidence that the challenged entries are excessive, duplicative, or misallocated, the Court declines to impose a reduction based solely on the format of counsel's billing records. The $85,572.13 reduction for Group 1 fees is facially reasonable. (*See id*. at 3).

Having previously ruled that the following fees are reasonable, the Court now directs that they be reimbursed pursuant to Judge Sweeney's initial URA fee decision:

| Firm | Attorneys' Fees | Expenses | Total |
|---|---|---|---|
| Arent Fox Schiff | $5,965.49 | $1,947.73 | $7,913.22 |
| Lewis Rice | $57,205.54 | $11,794.44 | $68,999.98 |

(Op. on URA Fees at 15 (citing *Bradley v. United States*, 164 Fed. Cl. 236, 259–60 (2023)). Consistent with the URA and the directives contained in this Order, the Court further awards Lewis Rice the following fees and costs incurred by Plaintiffs since the Court's first URA decision:

| Date | Attorneys' Fees | Expenses | Total |
|---|---|---|---|
| 09/20/2022 through 05/20/2025 | $272,124.50 | $36,658.86 | $308,783.36 |
| 06/24/2025 to 08/25/2025 | $29,569.95 | $60.00 | $29,629.95 |

Collectively, Plaintiffs are awarded **$415,326.51** in attorney fees and expenses. Finding no just reason for delay, the Clerk of Court is **DIRECTED** to enter partial judgment in this amount pursuant to RCFC 54(b). However, in accordance with RCFC 62, that judgment is **STAYED** pending the outcome of the appeal on liability. As the Court has now resolved URA fees and directed entry of judgment as to liability and just compensation, (ECF Nos. 165, 186), no claims remain pending in this matter. Because no further case or controversy exists, the Clerk is directed to **CLOSE** this case.

**IT IS SO ORDERED.**



s/      David A. Tapp
DAVID A. TAPP, Judge